# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-242-RJC

| | |
|---|---|
| **JOHN ROBERT MINTON,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) **ORDER** |
| **FNU ARON, Unit Manager;** | ) |
| **SALLY TRIPLETT, Sgt. Lanesboro** | ) |
| **Prison; DAVID DAVIS, Sgt.** | ) |
| **Lanesboro Prison,** | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on its own motion to consider dismissal of this civil action which the Plaintiff initiated pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who alleges that he was subjected to excessive force by Defendants Sergeants Triplett and Davis in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff contends that as he was being handcuffed both defendants struck him in the face and back and he maintains that he was not protesting or resisting. Plaintiff also asserts that he has been denied proper medical treatment as required under the Eighth Amendment. In his claims for relief, Plaintiff seeks, among other things, compensatory and punitive damages and declaratory relief that his constitutional rights were violated.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.   DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and was so at the time that he filed his complaint. Accordingly, Plaintiff must abide by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly

2

exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").[1]

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.[2]

In his complaint, Plaintiff explains that he tried to speak to an unnamed lieutenant about the incident and he informed Sergeant Horne concerning the alleged actions of the defendants. Plaintiff also claims that he filed a grievance but he was informed that no one would believe his allegations; Plaintiff does not attach a copy of this grievance or any response thereto and it appears that he simply abandoned the three-step administrative remedy procedure after filing his initial grievance at Step One.

---

[1] In North Carolina, state prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

[2] See Kilpatrick v. Hollifield, __ F. App'x __, 2015 WL 427470, at *1 (4th Cir. Feb. 3, 2015) (stressing that the prisoner must be "provided an opportunity to respond on the exhaustion issue." (citing Anderson, 407 F.3d at 682).

After Plaintiff filed his complaint, an order was entered which informed Plaintiff of the mandatory exhaustion requirements of the PLRA and he was ordered to file a sworn statement, under penalty of perjury, explaining that he had in fact exhausted his administrative remedies or he must provide a copy of the written grievance itself or explain that he had no available administrative remedies. Plaintiff was also informed that failure to file the information within 20-days following the entry of this order would result in dismissal of his § 1983 complaint. Attached to the order was a blank document entitled "Verified Statement" which Plaintiff was instructed to submit in an effort to comply with the order. (3:13-cv-242, Doc. No. 3). A review of the docket demonstrates that despite more than sufficient time to comply with the order, Plaintiff has failed to do so in anyway, nor has he sought an extension of time to do so.

Accordingly, based on the failure to comply with the order on exhaustion, and on the fact that failure to exhaust appears plain from the complaint, Plaintiff's complaint will be dismissed without prejudice.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: February 12, 2015

Robert J. Conrad, Jr.
United States District Judge